**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X   Case No. 22-cv-08296

BRITTANY MURRAY,

                         PLAINTIFF,            **COMPLAINT**

      - against -

                                                  **PLAINTIFF DEMANDS**
                                                  **A TRIAL BY JURY**

THE CITY OF NEW YORK,

                        DEFENDANT.

---------------------------------------------------------------------X

      BRITTANY MURRAY, ("PLAINTIFF"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against THE CITY OF NEW YORK, alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

### NATURE OF THE CASE

1. PLAINTIFF complaints pursuant to the discrimination provisions of **The Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq.* ("ADA"); the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq.* ("NYSHRL") and the **New York City Human Rights Law** ("NYCHRL"), Title 8, NYC Admin. Code § 8-107 (22), and seeks damages to redress the injuries PLAINTIFF has suffered as a result of being **discriminated against** by her employer on the basis of her pregnancy and disability.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. PLAINTIFF timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. PLAINTIFF received a Notice of Right to Sue from the EEOC, dated July 22, 2022, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, PLAINTIFF was and is a resident of the State of New York. She was and is a "person" and "employee" entitled to protection as defined by the ADA, the NYSHRL and the NYCHRL.

9. DEFENDANT, the City of New York ("NYC" or "DEFENDANT") is a body corporate and politic that acts through its wholly operated and controlled agencies, including but not limited to the Administration of Children's Services ("ACS").

10. At all relevant times herein, DEFENDANT NYC employs" fifteen or more "employees," and is thus an "employer" within the meaning of the ADA, the NYSHRL and the NYCHRL.

## MATERIAL FACTS

11. On or about September 16, 2018, PLAINTIFF was hired as ACS Community Coordinator at ACS's Horizon Juvenile Detention Center facility located at 560 Brook Avenue, Bronx,

     New York, earning an annual salary of $55,000.

12. Throughout PLAINTIFF's employment with DEFENDANT, PLAINTIFF was an exemplary employee that exceeded DEFENDANT's reasonable expectations. In fact, PLAINTIFF received positive performance evaluations and one or more raises in salary to an annual amount of $62,215.00.

13. In or around July of 2021, PLAINTIFF made DEFENDANT aware that PLAINTIFF was pregnant.

14. Specifically, PLAINTIFF told DEFENDANT Taija Coleman ("Coleman"), Program Supervisor, and Petersen ("Petersen"), Director of Programs, that PLAINTIFF suffered from conditions that complicated PLAINTIFF's pregnancy, including but not limited to, diabetes and hyperglycemia.

15. On or about June 28, 2021, Dr. Johanna Halfon, PLAINTIFF's gynecologist, informed PLAINTIFF that the pregnancy was high-risk due to PLAINTIFF's 1 diabetes. Consequently, PLAINTIFF was transferred to the care of Dr. Noelia Zork, a high-risk maternal fetal medicine doctor.

16. On July 2, 2021, PLAINTIFF was hospitalized due to hyperglycemia through July 7, 2021, returning to work on July 8, 2021.

17. On or about July 24, 2021, PLAINTIFF informed DEFENDANT COLEMAN via text message that PLAINTIFF was not feeling well and needed two (2) days off.

18. In response, DEFENDANT COLEMAN, while aware of PLAINTIFF's medical conditions and her pregnancy, made negative remarks with respect to PLAINTIFF's absences via text message, "[H]owever you still have to be present at work if this is where you want to continue to be for now."

19. On or about July 24, 2021, PLAINTIFF sent DEFENDANT COLEMAN a text message requesting a reasonable accommodation.

20. Namely, PLAINTIFF requested not to work overtime. However, DEFENDANT disregarded PLAINTIFF's request and continued to schedule PLAINTIFF to work additional hours.

21. That same day, July 24, 2021, DEFENDANT COLEMAN changed PLAINTIFF's schedule from Monday to Friday, 10:00 a.m. to 6:00 p.m. to Sunday through Thursday 12:00 p.m. to 8:00 p.m., thereby requiring PLAINTIFF to work later into the day on each of PLAINTIFF's workdays.

22. PLAINTIFF was concerned about the change of schedule because PLAINTIFF often suffered severe symptoms from hypoglycemia in the evenings.

23. Notwithstanding, DEFENDANT COLEMAN advised PLAINTIFF that if PLAINTIFF did not work the additional hours on Sunday, it would be considered a "call out."

24. Several days later, on or about July 27, 2021, DEFENDANT COLEMAN re-assigned PLAINTIFF to the Freedom School with A-Hall and instructed PLAINTIFF to submit a request for accommodations to EEO.

25. Shortly thereafter, PLAINTIFF submitted a request for accommodation to Barbara Norden, EEO Supervisor via e-mail.

26. PLAINTIFF had previously learned from Stacy Quashi, Program Counselor, that The Horizon Juvenile Detention Center's A-Hall had residents who would regularly engage in violent confrontations and sexually inappropriate behavior towards staff.

27. On or about July 28, 2021, PLAINTIFF provided DEFENDANT COLEMAN with a doctor's note supporting PLAINTIFF's request to not be assigned to high-risk settings with

violent residents, to be provided with an earlier work day to manage PLAINTIFF's food intake for medical reasons, and to be provided with breaks to manage PLAINTIFF's diabetes and test her blood sugar.

28. Around the same time, PLAINTIFF complained via phone to PLAINTIFF's union concerning the unfair treatment and discrimination in DEFENDANT COLEMAN's reassignments.

29. In or around late July 2021, PLAINTIFF filed complaints with the EEO office concerning DEFENDANT's refusal to provide the accommodations PLAINTIFF had requested in accordance with her doctor's note.

30. In response, DEFENDANT granted her request to work earlier hours but otherwise failed to provide PLAINTIFF with her requested accommodations and required PLAINTIFF to work in high-risk settings as well as denied PLAINTIFF the opportunity to take breaks to manage PLAINTIFF's diabetes. Moreover, DEFENDANT assigned her tasks requiring heavy lifting.

31. On or about August 20, 2021, PLAINTIFF took a leave of absence from work.

32. In or around the end of August 2021, Dr. Noelia Zork provided PLAINTIFF with clearance to return to work on September 6, 2021.

33. Around that same time, PLAINTIFF submitted Dr. Zork's letter clearing PLAINTIFF to return to work on September 6, 2021 to Human Resources, further indicating that PLAINTIFF intended to report to work on September 9, 2021.

34. PLAINTIFF was contacted by a representative of DEFENDANT and was provided with clearance to return to work on September 9, 2021.

35. PLAINTIFF returned to work on September 9, 2021. However, due to the DEFENDANT's

continued refusals to provide PLAINTIFF with reasonable accommodations, PLAINTIFF was left with no choice but to resign her position with DEFENDANT.

36. In January 2022, PLAINTIFF suffered the loss of PLAINTIFF'S baby. DEFENDANT's failure to accommodate deeply impacted PLAINTIFF's pregnancy.

37. As a result of DEFENDANT's actions, PLAINTIFF feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. Additionally, as a result of DEFENDANT's discriminatory treatment of PLAINTIFF, PLAINTIFF has suffered pecuniary loss, severe emotional distress, and physical ailments.

39. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. PLAINTIFF has further experienced severe emotional and physical distress.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

40. PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

41. PLAINTIFF claims DEFENDANT violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

42. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

43. PLAINTIFF's disabilities (diabetes and hypoglycemia) are impairments that substantially limit one or more of PLAINTIFF's major life activities within the meaning of § 12102(1)(A) of the ADA, including but not limited to, working.

44. PLAINTIFF requested reasonable accommodations. Specifically, PLAINIFF requested to be permitted to be provided assignments and breaks that facilitated management of her diabetes and hypoglycemia/ hyperglycemia.

45. DEFENDANT was aware of PLAINTIFF's disabilities and need for the accommodation.

46. PLAINTIFF is a qualified individual who could perform the essential functions of PLAINTIFF's employment with a reasonable accommodation as defined by§ 12111(8) of the ADA.

47. DEFENDANT did not make a good faith effort to accommodate PLAINTIFF's disability.

48. All the accommodations that PLAINTIFF requested were reasonable.

49. None of the accommodations that PLAINTIFF requested would have created undue hardship for DEFENDANT.

50. DEFENDANT failed to communicate with PLAINTIFF meaningfully and in good faith concerning her disability and requested accommodations.

51. DEFENDANT discriminated against PLAINTIFF in violation of the ADA by refusing to accommodate her disability and constructively terminating her employment because of her disability.

52. PLAINTIFF suffered the loss of PLAINTIFF'S baby that was impacted by DEFENDANT'S actions.

53. DEFENDANT knowingly and intentionally discriminated against PLAINTIFF because of her disability.

54. PLAINTIFF suffered injuries as a result of DEFENDANT's failure to reasonably accommodate PLAINTIFF's disability.

55. DEFENDANT's failure to accommodate PLAINTIFF's disability was the direct and proximate cause of PLAINTIFF's injuries, damages, and losses.

56. DEFENDANT acted with malice or reckless indifference to PLAINTIFF's federally protected rights under the ADA when it refused to provide a reasonable accommodation for her disability.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NYSHRL

57. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. Executive Law § 296 provides that:

    > It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. As described above, DEFENDANT discriminated against PLAINTIFF on the basis of her disability, in violation of NYSHRL. As a result of DEFENDANT's unlawful discriminatory conduct in violation of the NYSHRL, PLAINTIFF has suffered, and continues to suffer, economic loss, for which PLAINTIFF is entitled to an award of monetary damages and other relief.

60. As a result of DEFENDANT's unlawful discriminatory conduct in violation of NYSHRL, PLAINTIFF has suffered, and continues to suffer, severe mental anguish and emotional

distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which PLAINTIFF is entitled to an award of monetary damages and other relief.

61. Failing to accommodate PLAINTIFF led to the loss of PLAINTIFF'S baby.

62. DEFENDANT engaged in an unlawful discriminatory practice by refusing to provide her a reasonable accommodation for her diabetes and hypoglycemia/ hyperglycemia, which qualify as disabilities within the meaning of the NYSHRL, and constructively terminating her employment because of her disabilities.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NYCHRL

63. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. The Administrative Code of City of New York § 8-107(1)(a) provides that

    It shall be an unlawful discriminatory practice: for an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service or alienage or citizenship status of any person... to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

65. The Administrative Code of City of New York § 8-107(22) provides:

    It shall be an unlawful discriminatory practice for an employer to refuse to provide a reasonable accommodation…to the needs of an employee for the employee's pregnancy, childbirth, or related medical condition that will allow the employee to perform the essential requisites of the job, provided that such employee's pregnancy, childbirth, or related medical condition is known or should have been known by the employer. requires employers to provide reasonable accommodations to employees related to pregnancy, childbirth, and related medical conditions.

66. PLAINTIFF was entitled to reasonable accommodations to continue working or remain employed, including but not limited to breaks, changes in her work environment, assistance

with physically demanding tasks, time off or schedule adjustments, light duty or temporary transfer to a different position.

67. As described above, DEFENDANT discriminated against PLAINTIFF on the basis of PLAINTIFF's pregnancy and disabilities in violation of the NYCHRL, by including but not limited to, subjecting PLAINTIFF to working conditions that were contrary to her medical restrictions, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment, and constructively terminating her employment.

68. As a result of DEFENDANT's unlawful discriminatory conduct in violation of the NYCHRL, PLAINTIFF has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief. Additionally, PLAINTIFF suffered the drastic loss of PLAINTIFF's baby.

69. As a result of DEFENDANT's unlawful discriminatory conduct in violation of the NYCHRL, PLAINTIFF has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which PLAINTIFF is entitled to an award of monetary damages and other relief.

**JURY DEMAND**

70. PLAINTIFF requests a jury trial on all issues to be tried.

    **WHEREFORE**, PLAINTIFF respectfully requests a judgment against DEFENDANT:

A. Declaring that DEFENDANT engaged in unlawful employment practices prohibited by the ADA, the NYSHRL and the NYCHRL, in that DEFENDANT discriminated against

PLAINTIFF on the basis of her pregnancy and disabilities;

B. Awarding damages to PLAINTIFF for all lost wages and benefits resulting from DEFENDANT's unlawful discrimination and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding PLAINTIFF compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding PLAINTIFF attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

E. Awarding PLAINTIFF such other and further relief as the Court may deem equitable, just and proper to remedy the DEFENDANT's unlawful employment practices.

Dated: Garden City, New York
September 28, 2022

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: ____/s/_____
Cathryn Harris-Marchesi, Esq.
*Attorneys for PLAINTIFF*
585 Stewart Ave, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901 - 2107
Charris-marchesi@tpglaws.com